# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | |
|---|---|
| ROBERT GROSS, )<br>)<br>   PLAINTIFF )<br>)<br>v. )<br>)<br>JOHN GRIFFIN, ET AL., )<br>)<br>   DEFENDANTS ) | CIVIL NO. 1:10cv328-DBH |

## ORDER AFFIRMING RECOMMENDED DECISION
## OF THE MAGISTRATE JUDGE

On August 3, 2011, the United States Magistrate Judge filed with the court, with copies to counsel, her Recommended Decision on John Griffin's Motion to Dismiss/Summary Judgment and Recommendation that the Action Be Dismissed Against "The Unknown Person as Personal Representative of the Estate of James Russell" for Failure to Make Service. Recommended Dec. on John Griffin's Mot. to Dismiss/Summ. J. (Docket Item 45). On August 22, 2011, the plaintiff filed an objection to the Recommended Decision. Pl. Robert Gross' Objection to the Recommended Dec. (Docket Item 46).

I have reviewed and considered the Recommended Decision, together with the entire record; I have made a *de novo* determination of all matters adjudicated by the Recommended Decision; and I concur with the recommendations of the United States Magistrate Judge for the reasons set

forth in the Recommended Decision, and determine that no further proceeding is necessary.

I make these observations. Here, the Magistrate Judge did not convert a motion to dismiss into a motion for summary judgment. The defendant filed his motion in the alternative, and the plaintiff responded to both alternatives. Thus, there is no problem with "notice," nor any obligation for the Magistrate Judge to tell the plaintiff first which version of the motion she would rule upon before making the ruling. See Fed. R. Civ. P. 12(d). I agree with the Magistrate Judge that the plaintiff has not shown how discovery would help him. The plaintiff's dilemma is that two of the defendants whom he wants to sue for discrimination have died, and he has left only this defendant, an administrator, not the primary decisionmaker. Moreover, the plaintiff has no statutory claim, but only constitutional claims. He must therefore proceed under the authority of <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388 (1971), and the Magistrate Judge correctly held that the nature of his complaint against this defendant is in the nature of supervisory liability and that on that basis he is unable to succeed.[1]

---

[1] I note the plaintiff's objection that
> In th[e] Complaint, Mr. Gross alleges several contacts with Mr. Griffin concerning his complaints that, if admitted, would form the nexus of individual knowledge coupled with Mr. Griffin's oversight responsibility to create individual liability.
>
> The Plaintiff does not argue that Mr. Griffin has "supervisory liability," rather Plaintiff's position is that as the individual charged with oversight of compliance with the SSA's rules and regulations, Mr. Griffin had a personal responsibility to act when he received notice that the rules and regulations were not being followed.

*(continued next page)*

It is therefore **ORDERED** that the Recommended Decision of the Magistrate Judge is hereby **ADOPTED**.  Judgment is **GRANTED WITH PREJUDICE** in favor of the defendant John Griffin on the plaintiff's claim against this defendant.

Furthermore, the plaintiff's claims against the Estate of James Russell and its representative are **DISMISSED WITHOUT PREJUDICE** because the plaintiff has failed to achieve service as required under Fed. R. Civ. P. 4(m).

These two dispositions mark the closing of the case.

**SO ORDERED.**

**DATED THIS 31ST DAY OF AUGUST, 2011**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

Pl. Robert Gross' Objection to the Recommended Dec. at 8 n.2 (Docket Item 46).  Nevertheless, I agree with the Magistrate Judge that this supervisory "obligation" theory produces the same result.